IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL EPPS, JR.,** | ] |
| **Plaintiff,** | ] |
| v. | ] Case No.: 7:25-cv-242-ACA |
| **TUSCALOOSA COUNTY COMMISSION, et al.,** | ] |
| **Defendants.** | ] |

# MEMORANDUM OPINION

During a routine traffic stop, Defendants Edward Lemar Anderson and Jonathan Martin, deputies with the Tuscaloosa County Sheriff's Office, tased and beat Plaintiff Michael Epps, Jr., resulting in serious injuries. Mr. Epps sued Deputies Anderson and Martin; Defendant Ron Abernathy, Sheriff of Tuscaloosa County; and Defendant Tuscaloosa County Commission ("the Commission") for violations of state law and Mr. Epps's constitutional rights under 42 U.S.C. § 1983. (Doc. 1).

The Commission moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) and for attorney's fees pursuant to 42 U.S.C. § 1988. (Doc. 7). For the reasons set out below, the court **WILL GRANT** the Commission's motion to dismiss and **WILL DISMISS** Counts One, Two, Three, Four, Five, and Six as asserted against the Commission **WITH PREJUDICE**. Because Mr. Epps concedes that the Commission should not be included in his

outrage claim ("Count Eight")[1] (doc. 11 at 6), the court **WILL DISMISS** that claim as asserted against the Commission **WITH PREJUDICE** and without further discussion.

The court declines to exercise its discretion under § 1988 and **WILL DENY** the Commission's request for attorney's fees.

I.     **BACKGROUND**

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

In December 2023, Deputy Anderson pulled over Mr. Epps on a routine traffic stop. (Doc. 1 ¶ 9). While Mr. Epps was complying with Deputy Anderson's commands, Deputy Martin, who arrived at the scene after the stop began, grabbed Mr. Epps's arm from behind and, without warning, began to lift and slam Mr. Epps against the back of the vehicle. (*Id.* ¶ 10). The deputies tased and beat Mr. Epps. (*Id.*). During the incident, the deputies fully restrained Mr. Epps on the ground, and although Mr. Epps screamed for mercy and called for his "Mama," the deputies did not stop beating and tasing him. (*Id.* ¶¶ 10–11). Deputy Anderson held Mr. Epps down so that Deputy Martin could strike Mr. Epps in the face. (Doc. 1 ¶ 12).

---

[1] Because the last two claims in Mr. Epps's complaint are both entitled "Count Seven" (*id.* at 19–20), the court re-numbers the eighth claim, the outrage claim, as "Count Eight."

Mr. Epps suffered a "concussion, abdominal wall contusion, acute cervical myofascial strain, closed head injuries, [and] bleeding [and scarring] from taser prongs," among other physical and emotional injuries. (*Id.* ¶¶ 13–15).

## II.   DISCUSSION

The court will address the Commission's motion to dismiss followed by its motion for attorney's fees.

### 1.   Motion to Dismiss

The Commission moves to dismiss Mr. Epps's claims against it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 7 at 1). "To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court will first consider whether Mr. Epps's federal claims asserted against the Commission survive the Rule 12(b)(6) standard, followed by the negligence claim, the only remaining state law claim asserted against the Commission.

### a. *Federal Claims*

The complaint asserts five claims arising under § 1983 against the Commission: (1) excessive force in violation of the Fourth Amendment ("Count One"); (2) unreasonable search and seizure in violation of the Fourth Amendment ("Count Two"); (3) unconstitutional custom or policy ("Count Four"); violation of the Fourteenth Amendment's right to substantive due process ("Count Five"); (4) and failure to train in violation of the Fourth Amendment ("Count Six"). (Doc. 1). All of Mr. Epps's federal claims are based on the Commission's unconstitutional patterns, practices or customs of failing to train or control the conduct of Deputies Anderson and Martin. (*See, e.g.*, *id.* ¶¶ 17, 19, 34–35, 38–39, 55–59; *see also* doc. 11 at 2 ("[T]he "violations of [Mr. Epps's] federal constitutional rights were partly caused by the . . . Commission's policies that led to the actions of its deput[ies] . . . who illegally harmed [Mr.] Epps.")).

The Commission argues that Mr. Epps fails to state claims against it upon which relief may be granted because "each count . . . is premised upon the erroneous assumption that the . . . Commission is responsible for the hiring, retention, and training of the deputy sheriffs, and the policies of the Tuscaloosa County Sheriff's Office." (Doc. 7-1 at 1–2). Mr. Epps does not directly refute the Commission's argument, but instead makes the general contention that under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), municipalities may be held

liable "under § 1983 . . . when the[y] . . . contribute[] to and/or cause[] . . . constitutional violation(s) through [their] policies, customs, or practices. (Doc. 11 at 3) (emphasis omitted).

Although *Monell* and its progeny hold "that a local government is liable under § 1983 for its policies that cause constitutional torts," such liability may only be imposed if the municipality "speak[s] with final policymaking authority for the local governmental actor . . . alleged to have caused the particular constitutional . . . violation at issue." *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784–85 (1997) (quotation marks omitted). Under Alabama law, sheriffs, not county commissions, have "final policymaking authority in the area of law enforcement." *Id.* at 785, 790. Indeed, "the powers and duties of [Alabama] counties themselves—creatures of the State who have only the powers granted to them by the State—do not include any provision in the area of law enforcement." *Id.* at 790 (citing Ala. Code § 11-3-11) (quotation marks and citation omitted).

Accordingly, as a matter of law, Mr. Epps's claims that the Commission caused, through its policies, customs, or practices, the alleged constitutional violations by Deputies Anderson and Martin fail as a matter of law. The court **WILL GRANT** Tuscaloosa County's motion to dismiss Counts One, Two, Four, Five, and Six and **WILL DISMISS** those claims **WITH PREJUDICE**.

### b. *Vicarious Liability Negligence Claim*

Mr. Epps alleges that Deputies Anderson and Martin "acted with neglect, carelessness, and unskillfulness in their wrongful use of excessive force against Mr. Epps," and that the Commission is vicariously liable for their conduct. ("Count Three"; doc. 1 ¶¶ 27, 31). The Commission does not distinguish between Mr. Epps's federal and state law claims (*see generally* doc. 7-1), so the court will consider whether the Commission's argument, as discussed above with respect to the federal claims, also applies to the negligence claim.

Alabama Code § 11-47-190 limits municipal liability to liability for "negligent acts of its employees within the scope of their employment, but not intentional torts of its employees." *Brown v. City of Huntsville*, 608 F.3d 724, 743 (11th Cir. 2010). But, as discussed above, Alabama law does not grant its counties "any provision in the area of law enforcement," *McMillian*, 520 U.S. at 790, and "[a] sheriff is not an employee of a county for purposes of imposing liability on the county under a theory of respondeat superior," *Parker v. Amerson*, 519 So. 2d 442, 442 (Ala. 1987). Accordingly, sheriff's deputies engaged in law enforcement duties cannot be employees of a county for purposes of imposing vicarious liability. *See Coleman v. City of Dothan*, 598 So. 2d 873, 874 (Ala. 1992) (holding that the defendant county could not be vicariously liable for the conduct of the sheriff and

sheriff's deputies because "a sheriff is not an employee of a county for vicarious liability purposes").

Therefore, the court finds that Count Three does not state a claim against the Commission, and the court **WILL GRANT** the Commission's motion to dismiss that claim and **WILL DISMISS** it **WITH PREJUDICE**.

### 2. Motion for Attorney's Fees

In its motion to dismiss, the Commission argues that it is entitled to an award of attorney's fees under § 1988 because Mr. Epps's complaint against it "is frivolous, unreasonable, or without foundation." (Doc. 7-1 at 4). Under § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 1988(b). The Eleventh Circuit has explained that a court may award fees under § 1988 to prevailing defendants "only when [they] are forced to defend suits having no legal or factual basis," meaning the court must find "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1296–97 (11th Cir. 2021). The Commission offers no specific argument in support of such a finding. (*See* doc. 7-1 at 4). Therefore, the court declines to exercise its discretion to award fees in this case and **WILL DENY** the Commission's request.

## III. CONCLUSION

The court **WILL GRANT** the Commission's motion to dismiss and **WILL DISMISS** Counts One, Two, Three, Four, Five, and Six against it **WITH PREJUDICE**. (Doc. 7). The court **WILL DENY** the Commission's request for attorney's fees. And because Mr. Epps concedes that the Commission should not be included in his outrage claim (doc. 11 at 6), the court **WILL DISMISS** Count Eight as asserted against the Commission **WITH PREJUDICE.**

Mr. Epps's claims will proceed as asserted against Deputies Anderson and Martin and Sheriff Abernathy.

**DONE** and **ORDERED** this July 10, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE